## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA     )
    )
v.     )     Criminal No. 3:17CR57–HEH
    )
DWAYNE ALONZO PROCTOR,     )
    )
       Petitioner.     )

### MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF

No. 152).[1]  The Government has moved to dismiss, asserting that Petitioner's § 2255

Motion is barred by the statute of limitations.[2]  (ECF No. 157.)  For the reasons set forth

below, Petitioner's § 2255 Motion will be denied as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

Petitioner pled guilty to conspiracy to distribute and possess with intent to

distribute one kilogram or more of heroin.  (ECF No. 115, at 1.)  On March 27, 2018, the

---

[1] The Court employs the pagination assigned to the documents by the CM/ECF docketing system.  The Court corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

[2] Petitioner has moved for default judgment because the Government's Motion to Dismiss was filed outside of the sixty-day window set by the Memorandum Order entered on November 20, 2019.  While the Government's tardiness is no cause for commendation, it was not so egregious as to entitle Petitioner to any relief.  Accordingly, Petitioner's motions seeking default judgment (ECF Nos. 155, 156) will be denied.

Court entered Judgment and sentenced Petitioner to 240 months of imprisonment. (ECF No. 131, at 2.) Petitioner did not appeal.[3]

On June 3, 2019, the Court received a motion from Petitioner requesting an extension of time to file a 28 U.S.C. § 2255 motion. (ECF No. 142.) By Memorandum Order entered on August 5, 2019, the Court denied Petitioner's Motion for an Extension of Time and mailed Petitioner the forms for filing a 28 U.S.C. § 2255 motion. (ECF No. 146.)

On November 14, 2019, Petitioner executed his § 2255 Motion and presumably handed it to prison officials for mailing to this Court. (ECF No. 152, at 7.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Petitioner contends that he is entitled to relief because his counsel failed to file an appeal when he instructed her to do so. (ECF No. 152–1, at 1–2.)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

---

[3] On April 27, 2018, the Court received a letter from Petitioner requesting his Statement of Facts and his docket sheet. (ECF No. 133, at 1.) On April 30, 2018, the Clerk promptly responded by letter and informed Petitioner the cost for obtaining these documents. (ECF No. 133–1.)

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f)(1), Petitioner's judgment of conviction became final on Tuesday, April 10, 2018, the last date to file a notice of appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Petitioner had until April 10, 2019 to file any motion under 28 U.S.C. § 2255. Because Petitioner did not file his § 2255 Motion until November 14, 2019, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Petitioner demonstrates a viable basis for a belated commencement of the limitation period or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.

## A.   Belated Commencement

Petitioner is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(4) for his claim that counsel failed to file an appeal as instructed. That provision provides that limitation period should run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

As relevant here, Petitioner swears that:

> Counsel and I discussed an appeal briefly. Counsel told me many times that I was waiving my rights including my rights to appeal. Nonetheless, I became aware at the time of sentencing I could appeal. I brought it up to Counsel that I was wanting to appeal to the Court of Appeals.

4

> She was very negative to the idea. But, I persisted that I wanted her to file
> an appeal. She finally reluctantly agreed.

(ECF No. 152–1, at 1.)

Counsel's failure to pursue an appeal was discoverable as of April 11, 2018, when it became apparent that counsel had not filed an appeal in the time required. *See Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003). Although Petitioner possessed the ability to discover his counsel's failure to appeal on April 11, 2018, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover counsel failed to file a promised appeal, a petitioner must offer some evidence that he acted with due diligence. *Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (citation omitted) (finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *see Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when he waited two months to inquire about requested appeal). "[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) (citations omitted).

5

Here, according to Petitioner, counsel was very reluctant to pursue an appeal. In the month or two after the deadline for filing an appeal, Petitioner fails to indicate he had any further contact with counsel about the requested appeal. Under these circumstances, a petitioner acting with reasonable diligence would have contacted the Court by July 1, 2018, over 2 and 1 half months after the time for filing an appeal had expired, and discovered that no appeal had been filed. However, even with a belated commencement of the limitation period until July 1, 2018, the § 2255 Motion is untimely because it was not filed until more than a year later on November 11, 2019.

**B.      Equitable Tolling**

Motions pursuant to § 2255 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege

6

*with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30

(10th Cir. 2008) (emphasis added).[4]

Here, Petitioner argues that the Court should toll the limitation period because he

"has no legal education" and counsel told him that "he had a year plus ninety (90) days to

file a claim for ineffective assistance of counsel . . . ." (ECF No. 151, at 1–2.)  Neither

circumstance warrants tolling the limitation period.  First, "ignorance of the law is not a

basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)

(citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *United States v.*

*Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir.

2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).  Second "a mistake by a

party's counsel in interpreting a statute of limitations does not present the extraordinary

circumstance beyond the party's control where equity should step in to give the party the

benefit of his erroneous understanding." *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003)

---

[4] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Petitioner's allegations here. *See* 560 U.S. 635–44. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. *See id.* From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

(quoting *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000)).  Because Petitioner fails to demonstrate any extraordinary circumstance or the requisite diligence, the Court rejects Petitioner's request to equitably toll the limitation period.

Petitioner's § 2255 Motion (ECF No. 152) will be denied because it is barred by the statute of limitations.

### III. CONCLUSION

Petitioner's Motions for Default Judgment (ECF Nos. 155, 156) will be denied. The Government's Motion to Dismiss (ECF No. 157) will be granted.  Petitioner's § 2255 Motion (ECF No. 152) will be denied.  Petitioner's Motion for Equitable Tolling (ECF No. 151) will be denied.  The Government's Motion for Waiver of Attorney Client Privilege (ECF No. 158) and Petitioner's Motion for Status of Case (ECF No. 162) will be denied as moot.  The action will be dismissed.  A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Oct. 1, 2021
Richmond, Virginia

8